CITATION

C0197680---00007

# THE STATE OF TEXAS

No. E-0197680

## PAUL DURISO ET AL
## VS. WEST GULF MARITIME ASSOCIATION ET AL

*DELIVERED THIS*
*BY*

## CITATION

# 172nd JUDICIAL DISTRICT COURT
# of JEFFERSON COUNTY, TEXAS

To:   **WEST GULF MARITIME ASSOCIATION**
      **BY SERVING ITS AGENT**
      **NATHAN K WESLEY**

by serving at:
**1717 TURNING BASIN DRIVE**
**STE 200**
**HOUSTON, TX    77029**

DEFENDANT:

NOTICE:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1001 Pearl St., 2nd floor, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve)  or by bringing it to the office.  The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 5th day of October, 2015.   It bears cause number E-0197680 and is styled:

Plaintiff:

**PAUL DURISO ET AL**

VS.

**WEST GULF MARITIME ASSOCIATION ET AL**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

**BARKLEY, STEVEN C, Atty.**
**3560 DELAWARE SUITE 305**
**BEAUMONT, TX   77706 0**

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) ALSO ATTACHED BOND AND LETTER DESIGNATING ALL CASES EFILE  accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 8th day of October, 2015.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

*Regan Corbello*

Regan

## RETURN OF SERVICE

E-0197680             172nd JUDICIAL DISTRICT COURT

PAUL DURISO ET AL

WEST GULF MARITIME ASSOCIATION ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

_____, Officer
_____, County, Texas
By: _____, Deputy

**ADDRESS FOR SERVICE**:

WEST GULF MARITIME ASSOCIATION
BY SERVING ITS AGENT


HOUSTON, TX 77029 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy  $_____

Total                     $_____

_____, Officer
_____, County, Texas

By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____
              (First, Middle, Last)

_____.

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

**Jefferson County**
**District Clerk's Office**

1085 Pearl Street, Room 203
Beaumont, TX 77701
**409-835-8580**
409-835-8527 Fax



**Family Law Division**
409-835-8653

**Child Support**
1001 Pearl Street, Room 203
Beaumont, TX 77704
409-835-8425

# JAMIE SMITH
### District Clerk

Notice of E-File
In Re: In the Jefferson County, District Clerk's Office

Notice is being given to you that ALL CASES are assigned E-File Cases.

Electronically filed cases or "E-file Cases" are governed by The Supreme Court Order adopted
December 13, 2013 which states in part, the following:

*"Except in Juvenile cases attorneys must electronically file documents in courts where electronic
filing has been mandated."*

If the District Clerk's Office receives a paper pleading, the Clerk is ORDERED to return that
pleading to the filer with this notification.  No paper pleadings can be received or file-stamped.

Instructions on how to get started with E-Filing in Jefferson County can be found at
www.efiletexas.gov.  Follow the prompts to get started.

Please refer to the Jefferson County District Clerk's webpage at
http://co.jefferson.tx.us/dclerk/dc_home.htm for links to our Filing Fees as well as FAQ's.

1

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/5/2015 4:35:22 PM
JAMIE SMITH
DISTRICT CLERK
E-197680

NO.: 197680

| | | |
|---|---|---|
| PAUL DURISO AND DONALD HAGGERTY | § § § | IN THE DISTRICT COURT OF |
| | § | |
| VS | § § | JEFFERSON COUNTY, TEXAS |
| | § § | |
| WEST GULF MARITIME ASSOC., | § | 172nd JUDICIAL DISTRICT |
| ET AL | | |

## PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs, Paul Duriso and Donald Haggerty, complaining of West Gulf Maritime Association, ILA Local 21, and of ILA South Atlantic and Gulf Coast District, Defendants, and for cause would respectfully show unto this Honorable Court the following;

### I.

Plaintiffs Paul Duriso and Donald Haggerty are a residents of Beaumont, Jefferson County, Texas.

Defendant West Gulf Maritime Association, is a Texas corporation. At all times pertinent to this law suit it was doing business within the venue and jurisdiction of this Court. It may be served with process by serving its registered agent for service of process in Texas; Nathan K. Wesley, 1717 Turning Basin Drive, Ste. 200, Houston, Texas 77029.

Defendant ILA Local 21, is a local of the International Longshore Association. At all times pertinent to this cause of action it was doing business within the venue and jurisdiction of this Court. It may be served with process by serving its president, Mark Bridges, 1952 Old Highway 90 West, Vidor, Texas 77662. If Mr. Bridges is not at that address, he may be found at the business address of ILA Local 21, 1915 Pennsylvania Street, Beaumont, Texas 77701.

Defendant ILA South Atlantic and Gulf Coast District is a labor organization. At all times pertinent to this cause of action it was doing business within the venue and jurisdiction of this Court. It may be served with process by serving its president, Alan Robb, at the business address of ILA South Atlantic and Gulf Coast District, 914 Clear Lake City Blvd, Webster, TX 77598.

## II.

This Honorable Court has Venue and Jurisdiction of the cause of action. The events leading to this cause of action occurred in Beaumont, Jefferson County, Texas. Defendant ILA Local 21 has its principle place of business in Beaumont, Jefferson County, Texas.

## III.

Prior to the events leading to this law suit, Paul Duriso was a member in good standing of ILA Local 21. Donald Haggerty was not a union member but he was entitled to all member benefits except attending meetings and voting. Both Paul Duriso and Donald Haggerty performed longshore work at the Port of Beaumont, Texas. The work is governed by a collective bargaining agreement between Defendant West Gulf Maritime Association and Defendant ILA Local 21. The

agreement includes provisions setting forth various penalties for misconduct by union members. Plaintiffs Paul Duriso and Donald Haggerty were subject to the provisions of the union contract.

### IV.

In May, 2015, another ILA Local 21 member filed a complaint against Plaintiff Paul Duriso. Under the terms of the collective bargaining agreement, that complaint was first referred for investigation by Defendant West Gulf Maritime Association and others. On May 12, 2015, a meeting was held to investigate the complaint filed against Plaintiff Paul Duriso.

### V.

The same ILA Local 21 member filed a complaint against Plaintiff Donald Haggerty on or around April 22, 2015. A meeting to investigate that complaint was held on May 12, 2015.

### VI.

Following the two meetings, Defendant West Gulf Maritime Association determined that both Paul Duriso and Donald Haggerty should be suspended from the industry for life. In other words, neither Paul Duriso nor Donald Haggerty could work as longshoremen with any company associated with West Gulf Maritime Association. They would lose their life's work.

### VII.

Defendant ILA Local 21 did contest the decisions made by West Gulf Maritime Association. Accordingly, a step one grievance was scheduled for both cases.

## VIII.

Subsequently both Plaintiffs had their cases heard by a step one grievance committee. The step one grievance committee was composed of representatives from the West Gulf Maritime Association. Not surprisingly, in both cases the West Gulf Maritime Association upheld the decision to suspend both Plaintiffs from employment for life.

## IX.

Thereafter the union requested that the suspensions be forwarded to a step two appeals committee. The step two appeals committee in both cases was composed of one official of the ILA District Office, one official of the West Gulf Maritime Association, and one mediator selected by the parties. The mediator then scheduled a step two meeting. At both meetings, the representative of West Gulf Maritime Association and the meditator affirmed the step one award of permanent industry suspension of both Plaintiffs.

## X.

The next step under the grievance procedures set out by the collective bargaining agreement would have been for Paul Duriso and Donald Haggerty to have evidentiary hearings before an arbitrator. Under the terms of the collective bargaining agreement however, neither Plaintiff could actually request such hearing themselves. Rather it was up to their union local, Defendant, ILA Local 21, and Defendant ILA South Atlantic and Gulf Coast District Office to request the cases be refereed to arbitration.

## XI.

Plaintiff would both show that the President of ILA Local 21 acted arbitrarily in his handling in both Plaintiffs' grievance procedures. Specifically, Donald Haggerty had previously filed a

grievance against the person who filed the grievance against him. The union president chose not to pursue that grievance but arbitrarily forwarded only the grievances against Donald Haggerty and Paul Duriso to West Gulf Maritime Association for further handling.

## XII.

Additionally, the union president did not explore other means of resolving the grievances against Plaintiffs. The union president chose not to request arbitration or a step three procedure. The union president did not carry out a thorough investigation if the evidence produced at the step one and step two investigations were controverted by other members of Defendant ILA Local 21. Defendant ILA South Atlantic Gulf Coast District also did not request arbitration. The Defendant did not pursue other means of resolving the grievances against Plaintiffs.

## XIII.

The collective bargaining agreement between Defendant West Gulf Maritime Association, ILA South Atlantic Gulf Coast District, and Defendant ILA Local 21 contains certain penalties for misconduct. Plaintiffs have not been provided with any of the provisions relied upon by West Gulf Maritime Association or anyone else in imposing a life time ban against Plaintiffs. Normally, misconduct by union members is punished with increasingly severe sanctions. Plaintiffs are not aware of any instance where a lifetime ban was imposed against a union member for a first episode of misconduct.

## XIV.

Plaintiffs would show that West Gulf Maritime Association breached the provisions of the collective bargaining agreement by imposing a lifetime ban against Plaintiffs. Plaintiffs would

show that their damages as a result of such ban include their loss of past wages, future wages, bonuses, health care, emotional distress, and other benefits incident to their employment. Paul Duriso has served as business agent for ILA Local 21.

### XV.

Plaintiffs would further show that ILA Local 21 breached their statutory duty to fully represent Plaintiffs Donald Haggerty and Paul Duriso in the enforcement of the collective bargaining agreement between West Gulf Maritime Association, ILA South Atlantic and Gulf Coast District, and ILA Local 21.

### XVI.

Plaintiff would show that as a result of the actions and inactions of all three Defendants that they have lost their livelihood. They would show that Defendants ILA South Atlantic and Gulf Coast District and ILA Local 21 wrongfully denied Plaintiffs arbitration. The two Defendants further breached their duty to act in good faith in representing Plaintiffs.

### XVII.

Plaintiffs would further show that their damages were proximately caused by the breach of the collective bargaining agreement by Defendant West Gulf Maritime Association. Plaintiffs would show that Defendant West Gulf Maritime Association had no right under the collective bargaining agreement to impose a lifetime ban on Plaintiffs. Plaintiffs seek to recover their damages of and from West Gulf Maritime Association to include damages for past and future loss of wages and wage earning capacity, reasonable attorney's fees, and injunctive relief barring West Gulf

Maritime Association from imposing penalties on Plaintiffs not authorized under the collective bargaining agreement to include any lifetime ban on Plaintiffs working as longshoremen.

## XVIII.

To summarize, Plaintiffs seek to recover those damages available to them against the Defendants, individually, depending upon the wrongful acts of the individual acts of the Defendants. It appears that the basic cause of the majority of Plaintiffs' damages are due to the breach of the collective bargaining agreement by West Gulf Maritime Association in wrongfully discharging and banning Plaintiffs from lifetime employment on the waterfront.

## XIX.

Plaintiffs would show that based on their own knowledge that Defendant West Gulf Maritime Association's lifetime ban on Plaintiffs employment was neither authorized nor justified by the provisions of the collective bargaining agreement. Plaintiffs have no effective remedy at law. Plaintiffs would show that they have been arbitrarily deprived of their livelihood by the actions of West Gulf Maritime Association.

For that reason, Plaintiffs seek to recover a temporary restraining order restraining Defendants from directly or indirectly banning Plaintiffs employment as union longshoremen and suspending Plaintiffs from the industry, and following a hearing, Plaintiffs also seek to recover a temporary injunction.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that upon final hearing hereof that Plaintiffs have judgement for their damages, for pre and post judgement interest, for costs of Court and for such other relief to which Plaintiffs may show themselves justly entitled to receive. Plaintiffs further prays for general relief.

## REQUEST FOR DISCLOSURE

The Defendants are requested to disclose the matters set forth in Texas Rules of Civil Procedure Rule 194.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury in this case.

Respectfully submitted,

STEVEN C. BARKLEY
ATTORNEY AT LAW
3560 Delaware, Suite 305
Beaumont, Texas 77706
Phone:  (409) 899-2277
Fax:      (409) 899-2477

_____/s/ Steven C. Barkley_____
STEVEN C. BARKLEY
STATE BAR NO. 01750500
ATTORNEY FOR PLAINTIFFS
PAUL DURISO AND
DONALD HAGGERTY

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/5/2015 4:35:22 PM
JAMIE SMITH
DISTRICT CLERK
E-197680

NO.: 197680

| | | |
|---|---|---|
| PAUL DURISO AND DONALD HAGGERTY | § § § § | IN THE DISTRICT COURT OF |
| VS | § § | JEFFERSON COUNTY, TEXAS |
| WEST GULF MARITIME ASSOC., ET AL | § § § § | 172nd JUDICIAL DISTRICT |

## BOND TO DEFENDANT FOR INJUNCTION

WE, THE UNDERSIGNED, Paul Duriso and Donald Haggerty, as principals and Steven C. Barkley as surety acknowledge ourselves bound to pay Defendants up to the sum of $ 500 — conditioned that Plaintiffs will abide by the decision that may be made in this cause and that Plaintiffs will pay all amounts of money and costs that may be adjudged against Plaintiffs if the temporary restraining order or temporary injunction ordered in this cause is dissolved in whole or in part.

SIGNED ON 10/5/2015.

_____
Paul Duriso, Principal

_____
Donald Haggerty, Principal

_____
Steven C. Barkely, Surety

APPROVED ON 10/8/2015.

_____
District Clerk

C0197680---00015

# THE STATE OF TEXAS

## No. E-0197680

## PAUL DURISO ET AL
## VS. WEST GULF MARITIME ASSOCIATION ET AL

## WRIT OF TEMPORARY RESTRAINT

## 172nd JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To: **WEST GULF MARITIME ASSOCIATION**
   **BY SERVING ITS REGISTERED AGENT NATHAN K WESLEY**
   **1717 TURNING BASIN DRIVE**
   **STE 200**
   **HOUSTON, TX   77029 0000**

GREETING:

WHEREAS;
   DURISO, PAUL
   HAGGERTY, DONALD

filed their petition in the 172nd District Court of Jefferson County, Texas, in the 5th day of October A.D., 2015, in a suit numbered E-0197680 on the Docket of said Court, wherein

   **PAUL DURISO ET AL**

plaintiff and

   **WEST GULF MARITIME ASSOCIATION ET AL**

defendants for TEMPORARY RESTRAINT AND FOR OTHER RELIEF AS SOUGHT.

   And, Whereas, the Honorable DONALD FLOYD, Judge has made upon said petition his order, JUDGE'S ORDER FULLY SET FORTH IN ACCOMPANYING CERTIFIED COPY OF COURT ORDER ENTERED October 9th, 2015 WHICH IS ATTACHED HERETO AND MADE A PART HEREOF.

   YOU ARE HEREBY COMMANDED TO OBEY SAID ATTACHED ORDER.

   Given under my hand and the seal of said court at office in Beaumont, Texas, this the 9th day of October A.D., 2015.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

*Regan Corbells*

Regan

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/9/2015 9:32:33 AM
JAMIE SMITH
DISTRICT CLERK
E-197680

NO.:E197680

| | | |
|---|---|---|
| PAUL DURISO AND DONALD HAGGERTY | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| | §<br>§ | JEFFERSON COUNTY, TEXAS |
| VS | §<br>§ | |
| | §<br>§ | 172nd JUDICIAL DISTRICT |
| WEST GULF MARITIME ASSOC., | § | |
| ET AL | | |

## TEMPORARY RESTRAINING ORDER

TO: West Gulf Maritime Association

Plaintiffs Paul Duriso and Donald Haggerty have applied and given bond for a temporary restraining order and temporary injunction in this cause.

On the basis of the application, the Court has ordered the issuance of a temporary restraining order because it appears to the Court that, unless you are restrained as ordered below before notice can issue and a hearing can be held, Plaintiffs will be irreparably injured because of the loss of their livelihood without due process of law.

You are therefore commanded to obey the order of this Court and to immediately desist and refrain from directly or indirectly banning Plaintiffs employment as union longshoremen and suspending Plaintiffs from the industry

You are further ordered to appear before this Court at **10:00AM** on **OCTOBER 21, 2015** at Beaumont, Jefferson County, Texas to show cause why a temporary injunction, effective until final judgement in this cause, should not be granted as prayed for.

ISSUED at _____ on _____ .

SIGNED ON _October 9, 2015_

_Donald J. Floyd_
JUDGE PRESIDING

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

OCT 0 9 2015

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
BY _Regan Corbell_ DEPUTY

APPROVED TO FORM:

_____
STEVEN C. BARKLEY